UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                      :
    MELISSA L. PECK                         :
    DAMON A. PECK                           :     CHAPTER 13
        Debtor                          :
                                            :
    JACK N. ZAHAROPOULOS                    :
    STANDING CHAPTER 13 TRUSTEE            :     CASE NO.  1-25-bk-00885
        Movant                          :
                                            :
    MELISSA L. PECK                         :
    DAMON A. PECK                           :
        Respondent                      :


TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

       AND NOW, this 13th day of May 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

       1.     Debtor(s)' Plan violates 11 U.S.C. §1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

          a.   Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules.
          b.   Business assets – specifically, the Queen Street property.

       2.     Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

          a.   The Plan is underfunded relative to claims to be paid – 100%.
          b.   The Plan proposed an unrealistic and speculative step payment, contrary to §1325(a)(6).

       3.     Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

          a.   Debtor(s) has not provided to Trustee copies of the 2024 federal income tax returns as required by §521(e)(2)(A).

       4.     Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

a. Failure to use the Model Plan as adopted by the Court. Debtors used the model plan, but it is incomplete for the most part.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

      AND NOW, this 13th day of May 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. HALEY ROHRBAUGH
CGA LAW FIRM, P.C.
135 NORTH GEORGE ST
YORK, PA   17401-

                                       /s/Tammy Life
                                       Office of Jack N. Zaharopoulos
                                       Standing Chapter 13 Trustee