UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
| :--- | :--- | :--- |
|    MELISSA L. PECK and | : | |
|    DAMON A. PECK, | : | CHAPTER 13 |
|       Debtors | : | |
| | : | |
| JACK N. ZAHAROPOULOS, | : | |
|    STANDING CHAPTER 13 TRUSTEE, | : | CASE NO. 1-25-bk-00885-HWV |
|       Movant | : | |
| | : | |
|    MELISSA L. PECK and | : | |
|    DAMON A. PECK, | : | |
|       Respondents | : | |

### TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

AND NOW, this 7th day of August 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1. Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtors have access to non-exempt equity in the following:

    a. Residential real estate. Trustee requests proof of the value of Debtors' home as stated in their schedules.
    b. Business assets – specifically, the Queen Street property.

2. Trustee avers that Debtors' Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid – 100% Plan.
    b. The Plan fails to provide that the sale or refinance of real estate will occur within six (6) months. It also fails to say that the refinance or sale will cure the arrears.

3. Trustee avers that Debtors' Plan cannot be administered due to the lack of the following:

    a. Debtors have not provided Trustee with a copy of their 2024 federal income tax return(s) as required by § 521(e)(2)(A).

4. Trustee provides notice to the Court as to the ineffectiveness of Debtors' Chapter 13 Plan for the following reason:

   a. Failure to use the Model Plan as adopted by the Court. Secured tax claims for the IRS and the Pennsylvania Department of Revenue cannot be paid as arrears in § 2.C. They could be paid as secured claims in § 2.D.

5. Debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9). The 2023 and 2024 federal returns have not been filed.

WHEREFORE, Trustee alleges and avers that Debtors' Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

   a. deny confirmation of Debtors' Plan;
   b. dismiss or convert Debtors' case; and
   c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
    Attorney for Trustee

## CERTIFICATE OF SERVICE

       AND NOW, this 7th day of August 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

E. Haley Rohrbaugh, Esquire
CGA Law Firm, P.C.
135 North George Street
York, PA 17401

                                             /s/ Derek M. Strouphauer, Paralegal
                                             Office of Jack N. Zaharopoulos
                                             Standing Chapter 13 Trustee